RACHEL E. KAUFMAN (Cal. Bar No. 259353)
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881
rachel@kaufmanpa.com

*Attorney for Plaintiff and the Putative Class*

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JESANIEL MARRERO,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>**P.B.R. MANAGEMENT INC.**, a Delaware corporation, and **JON ROOFEIIM**,<br><br>*Defendant.* | Case No. 2:20-cv-07112-DMG-AGR<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST P.B.R. MANAGEMENT INC.**<br><br>Hearing Date: January 8, 2021<br>Time: 9:30 a.m.<br>Location: Crtrm 8C, 8th Flr<br>Judge: Hon. Dolly M. Gee |

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on January 8, 2021, at 9:30 a.m. PST, or as soon thereafter as this matter may be heard, in Courtroom 8C, of the United States District Court for the Central District of California, located at the First Street Courthouse, 350 West 1st St., Los Angeles, CA 90012, before the Honorable Judge

1

Motion for Default Judgment, Case No. 2:20-cv-07112-DMG-AGR

Dolly M. Gee, Plaintiff Jesaniel Marrero will and hereby does move for default judgment against Defendant PBR Management.

This Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the pleadings and the records on file herein, and on any oral argument or evidence that may be presented at the hearing on this Motion.

                                                Respectfully submitted,

Dated: November 23, 2020        /s/ Rachel E. Kaufman
                                              Rachel E. Kaufman
                                              rachel@kaufmanpa.com
                                              KAUFMAN P.A.
                                              400 NW 26th Street
                                              Miami, FL 33127
                                              Telephone: (305) 469-5881

                                              *Attorney for Plaintiff*

2

Motion for Default Judgment, Case No. 2:20-cv-07112-DMG-AGR

# MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Jesaniel Marrero moves for entry of final default judgment against Defendant P.B.R. Management Inc. and in favor of Plaintiff, individually.

On August 7, 2020, Plaintiff filed a class action complaint against Defendant. See Complaint [D.E. 1]. On October 7, 2020, the Clerk entered a Default against P.B.R. Management [D.E. 19].

On May 28, 2020, PBR Management called Plaintiff without consent using a prerecorded voice message to Plaintiff's cellular phone number that was validly registered on the national do not call registry. [D.E. 1 at ¶¶ 32-34, 40]. Defendant violated the TCPA by (a) using a prerecorded voice to make calls to cellular and residential landline telephone numbers without the required consent, or (b) by the fact that others made those calls on its behalf. See 47 U.S.C. § 227(b). Defendant is liable for damages pursuant to the cause of action alleged in the Complaint for violations of the TCPA, each of which provides for statutory damages in the amount of $500 per violation or – where such regulations were willfully or knowingly violated—up to $1,500 per violation, pursuant to 47 U.S.C. § 227(b)(3). [D.E. 1]. Declaration of Rachel Kaufman ("Kaufman Decl."), attached as Exhibit 1, at ¶ 2.

Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff,

(2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Given Defendant's default and corresponding admission of all of Plaintiff's well-pleaded allegations, including Plaintiff's individual allegations, Plaintiff is entitled to the entry of a default final judgment against Defendant and in his favor, individually.

Plaintiff would be prejudiced if Defendant, who is well aware of the instant lawsuit, is able to dodge liability by failing to respond to the Complaint, especially given that this lawsuit arises from Defendant's continued and knowing violation of the TCPA. Kaufman Decl. at ¶ 3.

The Complaint sufficiently pleads the elements of the claim asserted and is meritorious. Defendant called Plaintiff using a prerecorded voice without prior consent. D.E. 1 at ¶¶ 32-34, 40; 47 U.S.C. § 227(b).

Under Plaintiff's First Cause of Action, Plaintiff is entitled to statutory damages of $1500 per violative prerecorded voice call, as set forth in 47 U.S.C. § 227(b). Plaintiff seeks treble damages for Defendant's willful violation of the

-2-
Plaintiff's Motion for Default Judgment
Case No. 2:20-cv-07112-DMG-AGR

statute because, as alleged in the Complaint, Defendant's conduct is particularly egregious because the prerecorded call to Plaintiff was made after Plaintiff's prior lawsuit against Defendant for the exact same conduct, i.e. unlawful prerecorded voice calls to Plaintiff.  D.E. 1 at ¶ 40; Kaufman Decl. at ¶ 3.

Plaintiff is also entitled to reimbursement of the filing fee for this action, $400, and the costs associated with service of process of the complaint, $95. Kaufman Decl. at ¶¶ 4-5.  Accordingly, Plaintiff requests entry of default judgment in the total amount of $1,995, plus interest. Kaufman Decl. at ¶ 6.

With respect to the last, Defendant's decision not to appear in this putative class action is indicative of the lack of dispute of material facts, and that the last three *Eitel* factors weigh in favor of granting default judgment.  Defendant's default was not due to excusable neglect. Defendant was served on August 11, 2020.  Despite being served and Plaintiff's counsel having subsequent discussions with Defendant's counsel from the prior lawsuit between the parties regarding the instant lawsuit, Plaintiff believes that Defendant has affirmatively chosen not to defend itself in an effort to avoid class-wide relief.  Although the policy underlying the Federal Rules of Civil Procedure favors decisions on the merits, Defendant's effort to avoid liability by failing to respond to this lawsuit cannot be countenanced. *Id*. at ¶ 7.

Accordingly, Plaintiff requests entry of default judgment in the total amount of $1,995, plus interest.

Respectfully Submitted,

Dated: November 23, 2020

By: /s/ *Rachel E. Kaufman*
Rachel E. Kaufman (Cal Bar No. 259353)
rachel@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*Attorney for Plaintiff and the putative Class*