UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 20-7112-DMG (AGRx) | Date | January 7, 2021 |
|---|---|---|---|
| Title | *Jesaniel Marrero v. P.B.R. Management Inc., et al.* | Page | 1 of 4 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER RE PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [23]**

On August 7, 2020, Plaintiff Jesaniel Marrero filed a class action complaint against Defendants P.B.R. Management Inc. and Jon Roofeiim, alleging one cause of action for violation of the Telephone Consumer Protection Act ("TCPA"). [Doc. # 1.] Plaintiff filed a proof of service of summons and complaint indicating that Defendant P.B.R. Management was served on August 10, 2020. [Doc. # 17.] To date, neither Defendant has filed a responsive pleading or otherwise appeared in this action.[1]

On October 30, 2019, Plaintiff filed an application for entry of default against Defendant P.B.R. Management. [Doc. # 18.] The Clerk of Court entered default against Defendant P.B.R. Management pursuant to Federal Rule of Civil Procedure 55(a). [Doc. # 19.]

Plaintiff now moves for a default judgment on his single cause of action against P.B.R. Management ("MDJ"). [Doc. # 23.]

For the reasons set forth below, the Court **GRANTS** Plaintiff's MDJ.

**I.
FACTUAL BACKGROUND**

Plaintiff alleges that P.B.R. Management made pre-recorded telemarketing calls to Plaintiff and other putative class members without their consent. Compl. at ¶ 2. Although his cell phone number is registered on the National Do Not Call Regitry on October 2, 2018, P.B.R. Management called him with a pre-recorded message promoting its marketing services and providing instructions with how to speak with a live agent or be placed on a do not call list. *Id.*

---

[1] On December 8, 2020, Plaintiff voluntarily dismissed Defendant Roofeiim from the action. [Doc. # 25.]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 20-7112-DMG (AGRx) | Date | January 7, 2021 |
|---|---|---|---|
| Title | *Jesaniel Marrero v. P.B.R. Management Inc., et al.* | Page | 2 of 4 |

at ¶¶ 32-33. Plaintiff did not consent to receiving the message and in fact previously sued P.B.R. Management for prior TCPA violations arising from identical conduct. *Id.* at ¶ 40.

## II.
## DISCUSSION

Plaintiff has substantially complied with the procedural requirements applicable to motions for default judgment. *See* Fed. R. Civ. P. 55(b)(2); C.D. Cal. L.R. 55-1; Kaufman Decl. at ¶ 7 [Doc. # 23-1].[2] Moreover, the Court has considered the *Eitel* factors and concludes that they weigh in favor of entering a default judgment against Defendant. *See Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986). In *Eitel*, the Ninth Circuit set forth a number of factors that courts may consider when evaluating a default judgment motion: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Id.* at 1471–72.

Since a default has been entered, the Court presumes that Plaintiff's allegations are true such that there is no possibility of a dispute concerning the material facts. *See Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) ("[U]pon default[,] the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."). Section 277(b)(3) of the TCPA provides that a person may bring "an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation" or an action "to receive $500 in damages for each such violation," and treble the statutory damages if the violation is knowing or willful. Plaintiff has adequately stated a claim under the TCPA because he alleges that P.B.R. Management (1) called his cellular telephone number, (2) using "any automatic telephone dialing system or an artificial or prerecorded voice," (3) without his prior express consent. *See* 47 U.S.C. § 227(b)(1)(A)(iii); *Meyer v. Portfolio Recovery Assoc., LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012). Plaintiff has also sufficiently alleged that P.B.R.

---

[2] Although Plaintiff's counsel's declaration does not specifically identify each of the elements listed in Local Rule 55-1, P.B.R. Management is a corporation that clearly is not an infant or incompetent person or covered by the Servicemembers Civil Relief Act, and notice is not required to be served on it under Federal Rule of Civil Procedure 55(b)(2).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 20-7112-DMG (AGRx) | Date | January 7, 2021 |
| Title | *Jesaniel Marrero v. P.B.R. Management Inc., et al.* | Page | 3 of 4 |

Management knew of its violation based on a previous lawsuit filed against it, and thus that he is entitled to treble statutory damages for the knowing, willful violation.[3]

The "sum of money at stake" factor weighs in favor of the entry of a default judgment because Plaintiff requests only $1,995 in monetary relief ($1,500 in statutory damages, $400 in filing fees, and $95 in service fees). *See* Proposed Judgment at 2 [Doc. # 23-2][4]; MDJ at 5 [Doc. # 23]; *cf. Eitel*, 782 F.2d at 1472 (concluding that this factor weighed against the entry of a default judgment because the plaintiff "was seeking almost $3 million in damages"). Further, Plaintiff will be prejudiced without a default judgment because this action is the only means by which he recover statutory damages, and he has already incurred expenses pursuing the claim. *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). The procedural history of this case weighs against a finding of excusable neglect, as P.B.R. Management has apparently chosen not to appear. Similarly, a decision on the merits is impractical because P.B.R. Management has utterly failed to participate in this action.

For these reasons, the Court concludes that the entry of a default judgment against P.B.R. Management is appropriate.

---

[3] Plaintiff does not ask for classwide relief, nor is the class entitled to any. As another court in this circuit noted:

> The prerequisites imposed by Rule 23 serve "the important function of protecting absent class members whose rights may be affected by the class certification." *Davis v. Hutchins*, 321 F.3d 641, 649 (7th Cir. 2003) (citing *Davis v. Romney*, 490 F.2d 1360, 1366 (3d Cir. 1974)). As such, "relief cannot be granted to a class before an order has been entered determining that class treatment is proper." *Romney*, 490 F.2d at 1366. In cases in which the district courts have entered a default judgment against a defendant and no class has been certified, only named plaintiffs can recover damages. *See Partington v. Am Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 340 (4th Cir. 2006).

*Whitaker v. Bennett Law, PLLC*, No. CV 13-3145-L (NLSx), 2015 WL 12434306, at *2 (S.D. Cal. Jan. 26, 2015).

[4] Plaintiff does not request the injunctive relief pled in his Complaint in the MDJ. Nor does he provide the applicable interest rate for calculating prejudgment interest, as required under Local Rule 58-7, or request any attorneys' fees. The Court's judgment thus will not include injunctive relief, prejudgment interest, or attorneys' fees.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 20-7112-DMG (AGRx)** | Date | January 7, 2021 |
| Title | *Jesaniel Marrero v. P.B.R. Management Inc., et al.* | Page | 4 of 4 |

## III.
## CONCLUSION

In light of the foregoing, Plaintiff's MDJ is **GRANTED**. The Court will enter judgment in favor of Plaintiff and against P.B.R. Management in the amount of $1,995, which is comprised of: (1) $1,500 in statutory damages, (2) $400 in filing fees, and (3) $95 in service fees. The January 8, 2021 hearing is **VACATED**.

**IT IS SO ORDERED.**